NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YAN SUI; PEI-YU YANG, | No. 15-55708 |
| Plaintiffs-Appellants, | D.C. No. 8:13-cv-01607-JAK-AJW |
| v. | |
| RICHARD ALAN MARSHACK, an individual; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted May 8, 2017[**]

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Yan Sui and Pei-Yu Yang appeal pro se from the district court's judgment

dismissing their 42 U.S.C. § 1983 action alleging federal and state law claims in

connection with Sui's bankruptcy proceedings.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal for lack of subject matter

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under Fed. R. Civ. P. 12(b)(1). *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court properly dismissed plaintiffs' claims against the chapter 7 trustee because plaintiffs neither sought leave to sue the trustee from the bankruptcy court nor alleged facts sufficient to show that the trustee acted outside the scope of his official capacity. *See Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970 (9th Cir. 2005) ("[A] party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity.").

Because plaintiffs do not raise any arguments regarding the basis for the district court's dismissal of the federal claims against defendant Wells Fargo, they have waived any challenges to the dismissal of their claims against Wells Fargo. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in the party's opening brief.").

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over plaintiffs' state law claims after dismissing all federal claims. *See* 28 U.S.C. § 1367(c)(3) (permitting district court to decline

15-55708

supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction"); *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010) (standard of review).

The district court did not abuse its discretion by denying plaintiffs' request for default judgment against defendant United States Trustee because plaintiffs had not demonstrated that they served the Trustee with the summons and complaint. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment).

The district court did not abuse its discretion by denying plaintiffs' motion for leave to amend after concluding that amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . . .")

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellee 2176 Pacific Homeowners Association's request for judicial notice (Docket Entry No. 18) is denied.

Plaintiffs' request for oral argument (Docket Entry No. 41) is denied.

**AFFIRMED.**